### IN THE

# Supreme Court

#### OF THE

## STATE OF LOUISIANA.

SUPREME COURT———EASTERN DISTRICT,
NEW ORLEANS,........DECEMBER, 1830.

*HUNT vs. BOYD & CO. ET AL.*

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

If a creditor gives a receipt for a draft *in payment* of his account, the debt is novated

This was an attachment against the schooner Elizabeth for supplies furnished.

The petition stated that John Boyd & Andrew Armstrong composed the firm of John Boyd & Co.—That they were owners of the vessel, and that Junelot was master, who was also made party to the suit. The latter in his answer disclaimed any interest in the vessel, and Boyd & Co. pleaded the general issue. The petition concluded with a prayer for judgment against the said John Boyd, Andrew Armstrong and C. Junelot.

The evidence showed that the schooner was purchased by Armstrong, and paid for with the note of the firm.— That previous to, and at the time of, this purchase, Armstrong was one of the firm of John Boyd & Co., and that the debt to the plaintiff was contracted subsequent to the purchase of the vessel.

It further appeared that the plaintiff's account had been liquidated by Junelot, the master, who gave a draft on the defendants for the amount.—On the receipt of this draft, the plaintiff underwrote the account as follows: "Received payment by draft on John Boyd & Co. at thirty days' sight." The draft was protested for non acceptance, at maturity, and, together with the account, was attached to and made part of the plaintiff's petition.—There was judgment for the defendants, and the plaintiff appealed.

*Preston*, for appellants, contended:

1. The supplies were furnished to the schooner Elizabeth, which vessel has been attached and should be rendered liable for them.

2. Andrew Armstrong, it is contended, is her sole owner. If so, he is made a party defendant to this suit, and is bound to pay the whole of her disbursements.—C. C. Art. 2796.

3. The evidence sufficiently establishes that John Boyd & Co. are the owners of the vessel, and are therefore liable to pay her debts.—They received the profits.

*Hoffman* Contra:

1. The account sued on was paid, and extinguished the draft.—It is a plain case of novation on which it is a waste of time to hear an argument.—A person may novate his own debt, as if I owe a debt conferring a privilege, the creditor, by taking my note in payment, can no longer sue on the account and has lost his priviledge.

2. The vessel is proved to have belonged to Armstrong and not to the defendants.—The plaintiff is bound to prove the correctness of his claim—it is not sufficient to make it probable.

*Porter J.* delivered the opinion of the court.

This action is brought for the balance of an account of sundries furnished to the schooner Elizabeth, of which it is alleged the defendants are owners. The suit commenced by attachment. There was judgment against the plaintiffs and they appealed.

The judge of the first instance decided the cause in favor of the defendants, on the grond that the evidence shewed they were not the owners of the schooner—that she belonged to Armstrong, one of the firm of Boyd & Co.; and that he could not be made responsible in his private capacity, in an action against the partnership.

The same ground has been assumed by the appellees in this court, but the decided opinion we have on another part of the case, renders it unnecessary for us to examine the soundness of the position.

The captain of the schooner who is alleged to be one of the owners, liquidated the account of the plaintiff, and gave a draft on the defendants for the amount.

On the receipt of the order, the plaintiff underwrote the account in the following terms : " *Received payment by draft on John Boyd & Co. at thirty days sight.*"

We are of opinion that the plaintiff, by taking this draft as payment of the account, extinguished it ; and that suit cannot now be maintained on that, which was discharged by the agreement which the receipt evidences. Were we to give our reasons for this conclusion, we could only repeat what we said in the case of *Baldon* vs. *How*, which was decided after much consideration. The counsel for the appellant, attempted in argument to distinguish that cause from the present one, but it is impossible to make a satisfactory distinction between them. In the former, the goods were sold to How, Ellis & Co. and *payment* received in a note of Talcut, one of the firm. In the instance before us the draft of the captain was taken. If he was part owner of the vessel, the analogy beween the facts of this case and that already alluded to is complete. If he was not, then payment was taken in the bill of exchange of a third person, and the result is, if possible, still stronger against the appellant.—2 *Martin, n. s.* 144.

*If a creditor gives a receipt for a draft in payment of his account, the debt is novated.*

*Barron*

This opinion renders it unnecessary to examine the bill

of exceptions, and it is therefore ordered, adjuged and decreed, that the judgment of the District Court be affirmed with costs.